[Crim. No. 2274.   Fourth Dist.   Nov. 16, 1965.]

THE PEOPLE, Plaintiff and Appellant, v. ALBERTO ACOSTA HUERTA et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James E. Hamilton, District Attorney, for Plaintiff and Appellant.

William E. Lehnhardt, Public Defender, for Defendants and Respondents.

BROWN (Gerald), P. J.—The People appeal from an order of the superior court setting aside an information (Pen. Code, § 995) charging defendants with possessing marijuana (Health & Saf. Code, § 11530).

Police officers observed a group of six to eight young men, including the defendants, gathered at night on a street corner in El Centro. As the officers approached, one of the group took some articles from inside his sweater and threw them under a car. One officer retrieved the articles; they were a cigarette lighter, cigarette papers, and a plastic bag containing approximately 2.5 grams of marijuana. When the officer said it appeared to be marijuana, the group scattered and ran away; defendants were apprehended shortly afterward in the area. Lopez was found hiding on top of a building. Huerta attempted to escape again and was shot and wounded by the police.

Marijuana debris was found shortly after arrest in the pockets of the clothes both defendants were wearing. The debris was identified as marijuana by a forensic chemist.

The trial court dismissed the information on the ground that there was no evidence linking the defendants to possession of the plastic bag containing marijuana. The basis for its decision was that since the debris taken from their pockets had to be identified by means of a microscope, the evidence fell short of the standard established in *People* v. *Aguilar*, 223 Cal.App.2d 119 [35 Cal.Rptr. 516], and *People* v. *Melendez*, 225 Cal.App.2d 67 [37 Cal.Rptr. 126]. The reason for decision of those cases, however, is that the presence of minute quantities of the residue of a narcotic which can be recognized and identified only by scientific tests does not suffice to show knowing possession of such narcotic residue. (*People* v. *Aguilar, supra,* 223 Cal.App.2d 119, 122-123; *People* v. *Melendez, supra,* 225 Cal.App.2d 67, 70-73.) There must be an "awareness of the defendant of the presence of the narcotic" (*People* v. *Aguilar, supra,* 223 Cal.App.2d 119, 122-123; *People* v. *Sullivan,* 234 Cal.App.2d 562, 564 [44 Cal.Rptr. 544]).

This awareness or knowledge may be inferred from the factual surroundings. (*People* v. *Aguilar, supra,* 223 Cal.App. 2d 119, 123.) Accordingly, the facts of the attempted disposal of the marijuana by one of the defendants' group, their flight and hiding to avoid arrest, the later escape attempt of defend-

ant Huerta, and the marijuana debris found in their pockets when arrested would lead to the inferences that defendants were joint possesors of the marijuana, and were aware of the presence and character of the marijuana in the plastic bag. A reasonable man would conscientiously entertain a strong suspicion of their guilt. (See *Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250].)

The order is reversed.

Coughlin, J., and Whelan, J., concurred.